**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL VALENTEEN,                                :
                                                  :
              Petitioner                          :        No. 4:CV-11-1206
                                                  :
       vs.                                        :        (Judge Nealon)
                                                  :                              **FILED**
PENNSYLVANIA BOARD OF                             :                           **SCRANTON**
PROBATION AND PAROLE, et al.,                     :
                                                  :                            OCT 2 0 2011
              Respondents                         :
                                                           Per_____
                     **MEMORANDUM AND ORDER**      DEPUTY CLERK

       Michael Valenteen, an inmate confined at the State Correctional Institution,

Waymart ("SCI-Waymart"), Pennsylvania, filed this petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254. (Doc. 1). Valenteen challenges a decision by the Pennsylvania Board of

Probation and Parole ("the Board") to recalculate his parole maximum date. The petition is ripe

for disposition. For the reasons that follow, the petition will be denied.

**Background**

       On January 27, 1981, Valenteen was released on parole from Luzerne County Case

Nos. 2443 of 1978 and 680 of 1979. (Doc. 11, Ex. 1, Order to Release on Parole). The

maximum date on Luzerne County Case No. 1978-2443 was July 26, 1982 and the maximum

date on Luzerne County Case No. 179-680 was March 26, 1984. Id.

       On May 19, 1982, Valenteen was sentenced to ten (10) months to two (2) years

incarceration in Luzerne County Case No. 1782 of 1979. (Doc. 11, Ex. 2, Classification

Summary).

       On June 7, 1982, Petitioner was recommitted as a convicted parole violator after he

1

was convicted of new criminal charges in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. (Doc. 11, Ex. 3, Notice of Board Decision). On August 17, 1982, he was sentenced to concurrent terms of one (1) to ten (10) years imprisonment. (Doc. 11, Ex. 4, Sentence Status Summary).

On September 29, 1982, Valenteen was released on parole from Luzerne County Case No. 1782 of 1979. (Doc. 11, Ex. 5, Order to Release on Parole). His maximum date was August 8, 1983. Id.

Upon being paroled from Case No. 1782 of 1979, Valenteen began serving the sentences in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. Id.

On September 15, 1983, Petitioner was released on parole from Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. (Doc. 11, Ex. 6, Order to Release on Parole). His maximum date was September 15, 1992. Id. Upon being paroled, Petitioner began serving the sentences in Luzerne County Case Nos. 2443 of 1978 and 680 of 1979. Id.

On May 24, 1984, Petitioner was released on parole from Luzerne Case Nos. 1978-2243 and 1979-680. (Doc. 11, Ex. 7, Order to Release on Parole). Petitioner's parole violation maximum date on Luzerne Case No. 1978-2443 was March 14, 1985 and the maximum date on Luzerne Case No. 1979-680 was November 14, 1986. Id. At the same time, Petitioner remained on parole from Luzerne County Case Nos. 1310.1 and 1310.2 of 1981, with a maximum date of September 15, 1992. Id.

On September 11, 1987, Valenteen was recommitted as a technical parole violator for violating conditions of his parole. (Doc. 11, Ex. 8, Notice of Board Decision).

On January 5, 1988, Petitioner pled guilty to new criminal charges in Luzerne

2

County Case Nos. 1127 of 1987 and 1381 of 1987. (Doc. 11, Ex. 9, Guilty Plea). On April 4, 1988, Petitioner was recommitted as a convicted parole violator because of these convictions. (Doc. 11, Ex. 10, Notice of Board Decision).

On January 24, 1989, Petitioner was released on parole from the sentences in Luzerne County Case Nos. 1978-2443 and 1979-680. (Doc. 11, Ex. 11, Order to Release on Parole). The controlling parole violation maximum date in both cases was October 14, 1989. Id. Upon release from parole on these cases, Petitioner was to begin serving the sentence in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. Id. On that same date, he was released on parole from the sentence in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. (Doc. 11, Ex. 12, Order to Release on Parole). Petitioner remained on parole for the sentences in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981.

On July 19, 1991, Valenteen was committed as a technical parole violator for violating conditions of his parole. (Doc. 11, Ex. 13, Notice of Board Decision).

On October 25, 1991, Petitioner was released on parole from the sentences in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981. (Doc. 11, Ex. 14, Order to Release on Parole/Reparole). At this time the parole violation maximum date in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981 was January 24, 1998. Id.

On December 15, 1992, Petitioner was indicted in USA vs. Valenteen, No. 3:92-cr-0313 (M.D. Pa. 1992). (Doc. 11, Ex. 15, Indictment). On October 28, 1993, Petitioner was found guilty of all charges in USA v. Valenteen, No. 3:92-cr-0313, and on July 20, 1994, he was sentenced to two hundred thirty-five (235) months incarceration in federal custody. (Doc. 11, Ex. 16, Memo to Pa. Bd of Probation and Parole). On February 12, 2010, Valenteen was

3

released from the federal sentence in <u>USA v. Valenteen</u>, No. 3:92-cr-0313, to the custody of the

Pennsylvania Board of Probation and Parole.  <u>Id</u>.

On March 29, 2010, the Board conducted a parole revocation hearing in Petitioner's

Luzerne County Case Nos. 1310.1 and 1310.2 of 1981.  (Doc. 11, Ex. 17, Parole Revocation

Hearing).  On April 30, 2010, Valenteen was recommitted as a convicted parole violator because

of his conviction in <u>USA v. Valenteen</u>, No. 3:92-cr-0313.  (Doc. 11, Ex. 18, Notice of Board

Decision).  The Parole Board established Petitioner's parole violation maximum date on the

sentence in Luzerne County Case Nos. 1310.1 and 1310.2 of 1981 as September 3, 2018.  <u>Id</u>.

The Board's decision was mailed to Petitioner on May 6, 2010.  <u>Id</u>.

On June 8, 2010, Petitioner filed a document with the Board that sought relief from

the Board's April 30, 2010 decision.  (Doc. 11, Ex. 19).  On July 29, 2010, Petitioner mailed

additional correspondence to the Board.  (Doc. 11, Ex. 20).

On September 7, 2010, Petitioner's request for administrative relief was denied

based on the following:

> This is a response to your administrative appeal received June 8, 2010
> (postmarked 06/04/2010), which objects to the Board decision mailed
> May 6, 2010.  Specifically, you object to the recommitment period
> and/or the decision to return you to a correctional institution.
>
> The Board found that there was sufficient evidence to recommit you as
> a convicted parole violator based on evidence presented at the March
> 29, 2010 revocation hearing.  You do not challenge that finding in the
> appeal.  Because the Board had sufficient evidence to revoke your
> parole, they had discretion to continue you on parole or return you to a
> correctional institution as a parole violator.  61 Pa.C.S. § 6138.  The
> fact that the Board chose to recommit you to a correctional institution
> in this instance does not entitle you to any relief.
>
> Additionally, you were recommitted to serve a total of 24 months for

4

your new offenses all of which were closely related to Pennsylvania
Uniform Firearms Act (18 Pa.C.S. 6101 et seq.).  This means that the
applicable presumptive ranges are as follows (*See* 37 Pa. Code §§
75.1-75.2):

- Possession of a Firearm by Convicted Felon (two counts) = 18 to 24 months
  each,

- Receiving Stolen Firearm = 18-24 months,

- Selling a Stolen Firearm (related to PA VUFA) = 18 to 24 months, and

- Possession of Ammunition by Felon (related to PA VUFA) = 18 to 24
  months.

This yielded a total range of 18 to 120 months for your offenses.  Thus,
the 24-month recommitment period falls within the presumptive range
and is not subject to challenge. *Smith v. Pennsylvania Board of
Probation and Parole*, 574 A.2d 558 (Pa. 1990).  Moreover, because
the recommitment period fell within the presumptive range there was
no need for the Board to provide additional justification.  Finally, the
Board is not required to accept the mitigating factors you submitted as
justification for the violations. *Thompson v. Pennsylvania Board of
Probation and Parole*, 466 A.2d 1149 (Pa. Commw. Ct. 1983).

Accordingly, the appeal panel finds no grounds to grant administrative
relief and the Board decision mailed May 6, 2010 is AFFIRMED.

(Doc. 11, Ex. 21, Notice of Decision).

Also on September 7, 2007, the Board responded to Petitioner's July 29, 2010,

correspondence, construed it as a second or subsequent appeal, and denied it as untimely.  (Doc.

11, Ex. 22, Notice of Decision).

On September 27, 2010, Petitioner filed a petition for review of the Board's

September 7, 2010 decision in the Commonwealth Court of Pennsylvania.  (Doc. 11, Ex. 23,

Commonwealth Docket Sheet).  On April 6, 2011, the Commonwealth Court affirmed the

Board's decision.  (Doc. 11, Ex. 27, Memorandum Opinion).  Petitioner did not petition the

Pennsylvania Supreme Court for appellate review of the Commonwealth Court's decision.

On June 27, 2011, Petitioner filed the instant petition for writ of habeas corpus in which he challenges the calculation of his maximum sentence date by the Pennsylvania Board of Probation and Parole. (Doc. 1, petition).

On August 19, 2011, Petitioner filed <u>Valenteen v. White</u>, Civil No. 3:11-CV-1540, in which he also challenges the Parole Board's March 29, 2010 decision, claiming the Board "exeeded [its] constitutional limitations of power." (Doc. 1, petition).

By Order dated October 14, 2011, <u>Valenteen v. White</u>, Civil No. 3:11-CV-1540 was consolidated into <u>Valenteen v. Pa. Bd. of Probation and Parole</u>, Civil No. 4:11-CV-1206, pursuant to Federal Rule of Civil Procedure 42(a). (Doc. 14).

**Discussion**

Respondents seek dismissal of the petition based on Valenteen's failure to seek final administrative review and exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty (30) days of

the mailing date of the Board's decision.  See 37 Pa.Code § 73.1(a).  Once the Parole Board has

rendered a final decision, the petitioner must seek review in the Commonwealth Court.  See 42

Pa.C.S.A. § 763(a).  Unlike appeals and collateral review of convictions, a petitioner

challenging the Commonwealth Court's denial of parole relief must seek review in the

Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.  Pagan v.

Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488, *3 (E.D. Pa. 2009); see also Brown v.

Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D. Pa. 2010).  If the petitioner fails

to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted.

See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir. 2007).

   The record reveals that Petitioner failed to file a petition for review in the

Pennsylvania Supreme Court from the Commonwealth Court's affirmance of the Board's denial,

making his petition unexhausted.  Moreover, the record reveals that while Petitioner challenged

the Board's denial of administrative relief in Commonwealth Court, he never challenged the

calculation of his maximum sentence date, as he does in the instant petition.  The only issue

raised in Commonwealth Court was a claim that the Board should have imposed a nine (9)

month recommitment period, instead of the twenty-four (24) month that was imposed.  Thus,

Petitioner's claim in the instant petition is now time-barred under state law as the time for filing

a petition for review with the Commonwealth Court has expired.  See Pa. R.A.P. 903(a) (Notice

of appeal shall be filed within thirty (3) days after the entry of the order from which the appeal is

taken.).  A such, Petitioner is in procedural default for failure to comply with the state filing

requirement.  See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

   "Procedurally defaulted claims cannot be reviewed unless the petitioner can

7

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617, *2 (E.D. Pa. 2010) (internal quotations omitted).  To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).  In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

Valenteen, however, has not alleged cause or prejudice.  Nor has he demonstrated his actual innocence such that a lack of review by this Court will constitute a fundamental miscarriage of justice.  Accordingly, his challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that Valenteen failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance.  Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies. An appropriate Order accompanies this Memorandum Opinion.

Dated: October 20, 2011

United States District Judge

8

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL VALENTEEN, | : | |
| | : | |
| Petitioner | : | No. 4:CV-11-1206 |
| | : | |
| vs. | : | (Judge Nealon) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, <u>et al.</u>, | : | |
| | : | |
| Respondents | : | |

## <u>ORDER</u>

**NOW, THIS 20th DAY OF OCTOBER, 2011,** for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of
appealabilty. <u>See</u> 28 U.S.C. § 2253(c).


**United States District Judge**